UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

NO. 2:15-CV-20-BR

| | | |
|---|---|---|
| MARY E. LYONS FELTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| GATES COUNTY BOARD OF EDUCATION, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant Gates County Board of Education's motion to dismiss plaintiff's complaint based on insufficiency of service of process under Federal Rule of Civil Procedure 12(b)(5). (DE# 14.)

On 10 April 2015, plaintiff filed a complaint against defendant under Title VII of the Civil Rights Act of 1964. (DE# 1.) The summons was issued on the same date. (DE# 3.) Plaintiff first attempted to serve process on John Leidy, defense counsel, through overnight delivery carrier on 5 August 2015. (DE# 8.) Mr. Leidy received the process on 6 August 2015. (Id., Ex. C.) Next, plaintiff sent the summons and complaint via certified mail, return receipt requested, to Mrs. Glendale Boone, Chair of defendant, on 6 August 2015. (DE# 8.) Devin Riddick, a receptionist and administrative assistant for defendant, signed for the certified mail package on 10 August 2015. (Id., Ex. A; Riddick Aff., DE# 14, ¶¶ 2, 3.) On 25 August 2015, plaintiff filed an affidavit of service with the court, which confirmed the delivery of both packages, and included copies of the delivery receipt to Mr. Leidy and the return receipt from the package addressed to Mrs. Boone. (DE# 8.)

As grounds for its motion, defendant asserts that Mr. Leidy is not authorized to accept service of process on behalf of defendant and that, although the certified mail was addressed to Mrs. Boone, it was in fact delivered to Ms. Riddick, who is not a member, officer, or director of defendant, nor is she authorized to accept service on its behalf. (DE# 14, at 3-4.) Defendant provided affidavits from both Mr. Leidy and Ms. Riddick to support its contentions. (DE## 14-1, 14-2.)

"The plaintiff bears the burden of establishing that the service of process has been performed in accordance with the requirements of Federal Rule of Civil Procedure 4." Elkins v. Broome, 213 F.R.D. 273, 275 (M.D.N.C. 2003) (citation omitted). Under Federal Rule of Civil Procedure 4(j)(2), an individual may serve process on a local governmental organization by delivering process to its chief executive officer or via state law procedures. In relevant part, under North Carolina law, service of process on county boards of education may be effectuated "by mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to the officer, director, agent, or attorney-in fact . . . ." N.C. Gen. Stat. § 1A-1, Rule 4(j)(5)(c)(iii).

If the defendant challenges service, proof of service of process may be made by plaintiff's affidavit averring:

   a. That a copy of the summons and complaint was deposited in the post office for mailing by registered or certified mail, return receipt requested;
   b. That it was in fact received as evidenced by the attached registry receipt or other evidence satisfactory to the court of delivery to the addressee; and
   c. That the genuine receipt or other evidence of delivery is attached.

N.C. Gen. Stat. § 1-75.10(a)(4). That affidavit, along with the signed delivery receipt, raises a presumption that "the person who received the mail . . . and signed the receipt was an agent of the addressee authorized by appointment or by law to be served or to accept service of process[.]" N.C. Gen. Stat. § 1A-1, Rule 4(j2)(2). "[T]he presumption arises on proof of

2

delivery, regardless of the identity of the signer[.]" Granville Medical Ctr. v. Tipton, 160 N.C. App. 484, 491 (2003). The defendant can rebut this presumption by providing "affidavits of more than one person showing unequivocally that proper service was not made on the person of the defendant." Grimsley v. Nelson, 342 N.C. 542, 545 (1996). To make such a showing, the defendant "generally must present evidence that service of process failed to accomplish its goal of providing defendant with notice of the suit, rather than simply questioning the identity, role, or authority of the person who signed for delivery of the summons." Granville Medical Ctr., 160 N.C. App. at 493 (citing In re Williams, 149 N.C. App. 951, 959 (2002) ("[Defendant] did not rebut this presumption by showing he never received the summons and complaint.")). Specifically, the defendant's rebutting "affidavits must show that (1) the person who signed the return receipt was not the defendant's authorized agent and (2) the delivery failed to notify defendant of the lawsuit." Adams v. Haynes, No. 5:10-CT-3052, 2012 WL 2367436, at *4 (W.D.N.C. June 21, 2012) (citing cases).

In the case at bar, plaintiff's service on defense counsel is insufficient because he is not defendant's "officer, director, agent, or attorney-in-fact." See Calder v. Stanly County Bd. of Ed., No. 1:00-CV-01249, 2002 WL 31370364 (M.D.N.C. Sept. 26. 2002) (holding that service on the school board's attorney was insufficient because it failed to comply with statutory requirements). (See also Leidy Aff., DE #14-1, ¶¶ 2, 3.) However, with respect to Mrs. Boone, the rebuttable presumption of proper service arises because she is an officer of defendant, and plaintiff provided the proper affidavit of service and the signed registry receipt. While Ms. Riddick's affidavit does state that she was both unauthorized to sign for certified mail for Mrs. Boone and unauthorized to accept or receive service of process on behalf of defendant, (Riddick

3

Aff., DE# 14, ¶¶ 3-5), there is no affidavit averring that either Mrs. Boone or defendant did not receive notice of the suit. Without such evidence, the presumption of valid service stands.

To the extent that plaintiff did not serve defendant within the required 120-days of the filing of her complaint, the court finds that she has demonstrated good cause and will not dismiss on this ground.

The motion to dismiss is DENIED.

This 22 October 2015.

                                                                            W. Earl Britt

                                                                            Senior U.S. District Judge