UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:15-CV-00020-BR

**Mary E. Lyon Felton**,

        Plaintiff,

v.

**Gates County Board of Education**,

        Defendant.

**Order**

*Pro se* Plaintiff Mary E. Lyon Felton, seeks an order quashing a notice of deposition served by Defendant Gates County Board of Education and a protective order that would prohibit the Board from taking her deposition. Felton asserts, without further explanation, that she is entitled to the relief she seeks because (1) the deposition would subject her to annoyance, embarrassment, oppression, or undue burden or expense; (2) although the deposition was noticed for the final day of the discovery period, the "deposition process" would not be completed by the close of discovery; (3) the deposition notice was untimely because it was not served fourteen days prior to the deposition; (4) the deposition would seek information that is privileged, irrelevant, or immaterial; and (5) the deposition would "[u]nreasonably attempt to pry into [her] preparation for trial…." D.E. 26 at 1–2. The Board contends that its notice of deposition is timely and that Felton's arguments lack any legal support. After considering the arguments of the parties and the applicable law, the court will deny Felton's Motion.

**I.     Background**

Felton initiated this action to recover monetary damages for the Board's allegedly discriminatory and retaliatory conduct towards her. After the Board responded to her Complaint, the undersigned entered a scheduling order that provided that "[a]ll discovery shall be initiated in time to be completed by Friday, April 8, 2016." D.E. 24.

On March 18, 2016, the Board's counsel contacted Felton about scheduling her deposition in late March or early April. D.E. 27-3 at 1. Four days later, after not receiving a response from Felton, the Board's counsel set her deposition for 9:00 a.m. on March 31, 2016. *Id.*

On March 23rd, Felton emailed the Board's counsel to voice her objections to the deposition notice. D.E. 26-3 at 1. Her principle objections were that the deposition notice was untimely because it was served fewer than 14 days before the proposed deposition date and that the "deposition process," meaning the process of reviewing and signing the deposition transcript, would not be completed before the close of the discovery period. She also raised concerns that she was being treated unfairly due to her *pro se* status. Felton requested that the Board cancel her deposition or she would seek an order quashing the deposition notice.

As a result of Felton's assertion that a deposition notice must be served at least 14 days prior to the deposition date, the Board's counsel served an Amended Notice to Take Deposition on March 23, 2016, that rescheduled Felton's deposition for April 8, 2016, at 9:00 a.m. D.E. 26-1 at 3–4.

However, the parties were unable to resolve their differences over the propriety of the deposition notice and this motion followed.

2

## II. Discussion.

Parties may use the various tools described in the Federal Rules to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense" subject to certain limitations. Fed. R. Civ. P. 26(b)(1). The court may enter a protective order restricting the manner or scope of discovery if a request would cause "annoyance, embarrassment, oppression, or undue burden or expense…." Fed. R. Civ. P. 26(c)(1). The party seeking a protective order must establish good cause to restrict the discovery process. *Id.*

Here, Felton claims that she is entitled to a protective order prohibiting her deposition because the notice setting her deposition was untimely, the Board is seeking to depose her for an improper purpose, and the deposition would cover topics that exceed the scope of discovery. However, these assertions do not stand up to scrutiny. The Board properly noticed Felton's deposition for the final day of the discovery period and she has provided no factual support for her remaining arguments. Therefore, her motion will be denied.

### B. Timeliness of Deposition Notice

#### 1. Reasonable Notice of Deposition

The Federal Rules provide that a party seeking to take a deposition must provide "reasonable written notice" of the deposition's time and location. Fed. R. Civ. P. 30(b)(1). Here, the Amended Notice of Deposition was served 16 days prior to the deposition. Felton does not explain why this amount of advanced notice is unreasonable given the nature of the issues involved in this case and the court cannot discern any on its own.

Felton's correspondence with the Board's counsel makes reference to Federal Rule 32(a)(5)(A), which prohibits use of a deposition in a court proceeding if the deponent "received less than 14 days' notice of the deposition, promptly moved for a protective order under Rule

3

26(c)(1)(B) requesting that it not be taken or be taken at a different time or place--and this motion was still pending when the deposition was taken." Fed. R. Civ. P. 32(a)(5)(A). However, this rule does not apply in this case because, as noted above, Felton received more than 14 days' notice of the deposition. Additionally, this rule does not prohibit the taking of a deposition on less than fourteen days' notice, but only prohibits the use of the deposition in subsequent proceedings if the Rule's requirements are met.

Therefore, Felton has failed to demonstrate that the Board did not provide her with reasonable written notice of the deposition and she is not entitled to the relief she seeks on this basis.

### 2. Compliance with the Scheduling Order

Felton also argues that she is not required to submit to a deposition because the "deposition process" cannot be completed prior to the close of the discovery period. Felton appears to maintain that a deposition must be scheduled so that the deponent may complete her review of the transcript as allowed under Rule 30 prior to the close of discovery. This provision allows a deponent 30 days after the transcript is available to review the transcript and sign a statement indicating any changes in form or substance and the reason for those changes. Fed. R. Civ. P. 30(e).

Felton does not cite any cases that support her position and the court's independent research has not turned up any supportive decisions. Instead, the plain language of the rule indicates that the deposition ends when the court reporter indicates on the record that the deposition is complete. *See* Fed. R. Civ. P. 30(b)(5)(c). Absent support in the text or in the cases, the court is not inclined to adopt Felton's proposed interpretation.

Moreover, Felton's suggestion that a deposition must be scheduled in sufficient time to allow the deponent to review the transcript prior to the close of discovery poses a number of practical problems. For example, the rule gives the deponent until the conclusion of the deposition to invoke her rights under Rule 30(e). A deponent who believed in good faith at the outset of the deposition that she would not want to review the transcript may change her mind due to the questions asked during the course of the deposition. Therefore, it would be difficult for the party taking the deposition to know how far in advance of the close of the discovery period to schedule the deposition. Similarly, the 30-day review period does not begin until the court reporter notifies the parties that the transcript is available. Given that each deposition transcript differs in length and complexity, it is difficult to predict with any certainty how much time will elapse between the conclusion of the deposition and the time the transcript is ready for review. Again, this would make it almost impossible for the party scheduling the deposition to accurately predict the latest date when a deposition can occur. The court declines to adopt a procedure that would inject this type of uncertainty into the discovery process.

While parties should always endeavor to conduct discovery in an expeditious and timely manner, they may schedule their discovery in the manner they deem best so long as discovery can be completed by the close of the discovery period. In the case of depositions, this means that depositions must occur prior to the expiration of the discovery deadline. On occasion, that will involve taking depositions on the last day of discovery. The Board's request to depose Felton on April 8, 2016, did not violate the provisions of Rule 30 and, therefore, she is not entitled to relief.

C.  **Other Grounds Raised in Felton's Motion**

Felton's motion asserts a number of other grounds in a conclusory fashion. The court's review of the filings does not demonstrate any basis at this time to support her allegation that the deposition has been noticed for any improper purpose or that the deposition will exceed the permissible scope of discovery. If issues of this nature arise during the course of Felton's deposition, the parties are free to seek the court's assistance. *See* Fed. R. Civ. P. 3(d)(3). However, for the time being, there is no reason to grant a protective order or quash the notice of deposition on the basis of bad faith on the part of the Board or that the deposition will stray beyond appropriate topics.

## III. Conclusion.

As discussed above, Felton's Motion to Quash and Motion for Protective Order are denied.

Dated: April 19, 2016

*Robert T. Numbers II*

ROBERT T. NUMBERS, II
UNITED STATES MAGISTRATE JUDGE