UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:15-cv-00020-BR

**Mary E. Lyons Felton**,

    Plaintiff,

v.

**Gates County Board of Education**,

    Defendant.

**Order**

Defendant Gates County Board of Education seeks a motion compelling Plaintiff Mary E. Lyons Felton to appear for a deposition, requiring her to produce her tax returns, and extending the deadline to conduct discovery and file dispositive motions. D.E. 29. This motion follows Felton's unsuccessful attempt to obtain a protective order which would have relieved her of the obligation to attend her deposition and produce the requested documents. D.E. 31. After reviewing the parties' arguments, the court determines that the Board is entitled to an order compelling the requested discovery and that good cause exists for modifying the scheduling order.

**I.    Motion to Compel**

The Board seeks to compel Felton to sit for a deposition and to produce certain tax documents.[1] Due to Felton's failure to attend her deposition after receiving proper notice, the Board is entitled to an order requiring her to attend a deposition in the future. Additionally,

---

[1] Felton claims that the Board's motion does not contain a certification indicating that the parties attempted to resolve this matter without court involvement. D.E. 36 ¶ 14. However, the Board's motion does include such a certification, D.E. 29 ¶ 8, and the record indicates the parties engaged in substantial discussion regarding the deposition and tax records.

Felton must produce her tax records because she failed to demonstrate that they are immune from discovery. Therefore, the court will grant the Board's motion to compel.

First, the Board requests that the court require Felton to sit for a deposition after she failed to appear for her original deposition. A court may sanction a person or party for failure to attend a properly noticed deposition. Fed. R. Civ. P. 37(d)(1)(A)(i). As noted in the April 19, 2016 Order, the Board properly noticed Felton's deposition for April 8, 2016. D.E. 31. However, Felton failed to attend the deposition. D.E. 29-1. Therefore, the Board is entitled to the relief it seeks and Felton will be required to submit to a deposition under the provisions outlined at the end of this order.

Next, the Board requests that the court require Felton to produce her tax records for 2010–2015, which the Board sought through a request for production of documents. Parties to a civil action "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense…." Fed. R. Civ. P. 26(b)(1). Federal case law recognizes a qualified privilege limiting the disclosure of tax returns. *Interstate Narrow Fabrics, Inc. v. Century USA, Inc.*, No. 1:02-CV-000146, 2004 WL 444570, at *2 (M.D.N.C. Feb. 24, 2004). Under this standard, tax returns are discoverable if they are relevant and the information is not available from other sources. *Id.* The requesting party bears the burden of showing relevance and the resisting party the burden of showing availability from other sources. *Id.*

The Board maintains that it is necessary to review Felton's tax returns in order to adequately assess her claim of damages. This court has recognized on a number of occasions that a plaintiff's tax returns are relevant to "a plaintiff employee's mitigation of damages." *Feldman v. Law Enf't Associates Corp.*, No. 5:10-CV-8-BR, 2012 WL 6552921, at *2 (E.D.N.C. Dec. 14, 2012); *SMD Software, Inc. v. EMove, Inc.*, No. 5:08-CV-403-FL, 2010 WL 2232261, at

2

*2 (E.D.N.C. June 2, 2010). Therefore, the Board has satisfied its burden to show that Felton should have to produce her tax returns.

Felton, on the other hand, has failed to show that the requested information is available from other sources. Although Felton has indicated that a number of documents are available that will show certain aspects of her income, D.E. 36 ¶ 10, she has failed to demonstrate that these documents would present the same comprehensive summary of her income during the years at issue as would her tax returns. Therefore, the Board's motion to compel will be granted and Felton will be required to produce the requested tax returns.

## II.  Extension of the Discovery Period.

The Federal Rules provide that a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Here, Felton's failure to comply with her obligations during the discovery process establish good cause to modify the deadlines for discovery and dispositive motions set out in the original scheduling order.

## III.  Conclusion

As discussed above, the court determines that the Board's Motion to Compel should be granted. Therefore, the court orders as follows:

1.  Felton shall appear for a deposition at the offices of the Board's counsel in Elizabeth City, North Carolina at a date and time provided in a notice of deposition. The notice shall be served on or before June 2, 2016. The notice shall provide at least 14 days' notice of the deposition date unless the parties agree to an earlier date.

2.  During her deposition, Felton shall respond in good faith and in complete and full detail to all questions posed by the Board's counsel. As specified in Rule 30 of the Federal

3

Rules, any objections to questions posed by the Board's counsel shall be noted on the record, but the examination shall continue and Felton's testimony shall be taken subject to any objection.

3. Felton shall produce, at the outset of such deposition, her complete state and federal income tax returns for the years 2010, 2011, 2012, 2013, 2014 and (if complete) 2015, with social security numbers in those returns blacked out. If Felton does not have copies of these returns in her possession, custody, or control, she may satisfy this requirement by completing a release authorizing the Board's counsel to obtain copies directly from the state and federal governments.

4. The discovery period is extended until June 30, 2016.

5. The deadline for submitting dispositive motions is extended to August 1, 2016.

6. The trial date will be reset by separate order.

7. All other deadlines set forth in the scheduling order in this action remain unchanged.

Dated: May 26, 2016

*Robert T. Numbers II*

Robert T. Numbers, II
United States Magistrate Judge