UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:15-CV-00020-BR

**Mary E. Lyons-Felton**,

        Plaintiff,

v.

**Gates County Board of Education**,

        Defendant.

**Order on Emergency Motion for Relief**

      Plaintiff Mary E. Lyons Felton seeks emergency relief from the court's May 26, 2016 Order requiring her to sit for a deposition and produce tax records on the grounds that Defendant Gates County Board of Education's Motion to Compel lacked the certification required by Rule 37 of the Federal Rules of Civil Procedure. D.E. 38. The version of this rule in effect at the time Felton filed her complaint provided that "[t]he movant must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1) (2013). The Board's Motion contains the required certification. D.E. 29 ¶ 8. Additionally, the record reflects that the Board's counsel made numerous attempts to resolve the conflict over Felton's deposition and her tax records before seeking redress from the court. D.E. 27 at 5, 27-2, 27-3, 27-4, 27-5. The court previously addressed this very issue in its May 26, 2016 Order. D.E. 37 at 1 n.1.

      Felton also seeks clarification regarding various aspects of the court's earlier order. First, Felton seeks clarification regarding "how the Plaintiff was properly noticed regarding the

deposition scheduled on April 8, 2016." D.E. 38 at 3. This was addressed in the court's April 19, 2016 Order denying her Motion to Quash. D.E. 31 at 3–5.

Next, Felton seeks clarification about why the Board's Motion was granted despite lacking the certification required by Rule 37. D.E. 38 at 3. This incorrect assertion has been dealt with above.

Finally, Felton asks how the court could grant the Board's Motion to Compel when it was filed after the discovery period had ended. *Id.* As an initial matter, the Federal Rules do not place a time limit on when motions to compel may be brought. *See* Fed. R. Civ. P. 37. Furthermore, as the conduct that gave rise to the Motion occurred on the final day of the discovery period, the Board had no practical choice other than to file its motion after the close of the discovery period. The Board acted reasonably in filing its motion to compel one week after Felton failed to appear at her deposition and, therefore, its motion was timely and appropriate.

Felton also asks the court to provide "assistance in understanding the Federal Rules applied in the Order signed on May 26, 2016. D.E. 38. The court cannot assist any party, even one proceeding *pro se*, in the management or conduct of its litigation.

Therefore, it is ordered that Felton's Emergency Motion for Relief from Order is denied. Felton is cautioned that failure to comply with the court's May 26, 2016 Order may result in the imposition of sanctions up to and including the dismissal of her complaint.

Dated: June 9, 2016

*Robert T. Numbers II*

ROBERT T. NUMBERS, II
UNITED STATES MAGISTRATE JUDGE